# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA HALL-EASLEY, individually as surviving spouse and on behalf of the wrongful death beneficiaries of Paul J. Easley, Sr., deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:23-cv-00107 |
| CLARKSVILLE OPERATING GROUP LLC d/b/a AHAVA HEALTHCARE OF CLARKSVILLE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Before the Court are two motions to dismiss filed by the United States of America (Doc. No. 87) and Clarksville Health System, G.P. d/b/a Tennova Healthcare-Clarksville ("Tennova") (Doc. No. 79).  Both motions are fully briefed and ripe for decision.  (See Doc. Nos. 80, 83 88, 92, 93, 96).  For the following reasons, the Court will grant both motions in part and dismiss this case.

## I.      FACTUAL ALLEGATIONS AND BACKGROUND[1]

Paul J. Easley, Sr. had a medical condition that "required dialysis."  (Doc. No. 59 ¶ 15). On October 15, 2021, Mr. Easley began receiving medical treatment at Clarksville Operating Group LLC d/b/a Ahava Healthcare of Clarksville ("Ahava").  (Id. ¶ 13).  Although Ahava was "aware" of Mr. Easley's "condition" and his potential "risk for complications if he did not receive dialysis," he "did not receive dialysis during the time he was a resident at Ahava."  (Id. ¶¶ 15–16).

---

[1] The Court draws the facts in this section from the operative Third Amended Complaint (Doc. No. 59) and accepts them as true for purposes of ruling on the instant motions to dismiss.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint").

The operative Complaint alleges that American Medical Response of Tennessee, Inc. ("AMR") "contract[ed] to provide transportation to Mr. Easley's dialysis appointments," but failed to pick him up for dialysis on October 16, 2021, and October 18, 2021.  (Id. ¶ 4).  It similarly alleges that the Department of Veterans Affairs ("the VA"), the Veterans Health Administration, and "Alvin C. York VAMC" also "contract[ed] to provide transportation to Mr. Easley's dialysis appointments," but failed to do so.  (Id. ¶ 5).  On October 19, 2021, at around 11:57 a.m., Mr. Easley was transported from Ahava to Tennova.  (Id. ¶ 3).  Tennova did not dialyze Mr. Easley until 3:00 p.m. the next day.  (Id. ¶ 3).  As a result, Mr. Easley "suffered injuries" and "[c]omplications from not receiving dialysis."  (Id. ¶ 20).  He died a couple days later in late October 2021.  (Id. ¶ 21).

Patricia Hall-Easley, as the surviving spouse of Mr. Easley, filed a lawsuit in this Court against several entities she claims were negligent in caring for Mr. Easley.  She has since amended the Complaint three times.  (See Doc. Nos. 31, 49, 59).  The operative Third Amended Complaint ("Complaint") asserts claims for "negligence pursuant to the Tennessee Medical Malpractice Act," and "gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct" against Ahava; Tennova; AMR; and the United States of America.[2]  (See Doc. No. 59).  The Complaint alleges that the Court has federal question subject matter jurisdiction over the United States because the claims arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. (Doc. No. 59 ¶ 7).  It further alleges that the Court has diversity jurisdiction over the other three defendants because "the matter in controversy exceeds the sum or value of $75,0000" and "the parties are citizens of different States."  (Id. ¶ 6).

---

[2] Hall-Easley initially brought this lawsuit solely against Ahava, but it appears she added these additional defendants when Ahava asserted a claim for comparative fault against Tennova, the VA, the Veteran's Health Administration, and Alvin C. York.  (See id. ¶¶ 3–5; Doc. No. 28 ¶ 36).

The United States responded by filing a motion to dismiss the Complaint for lack of subject matter jurisdiction, arguing that it "cannot be held liable for an independent contractor's actions or omissions" under the FTCA; and Hall-Easley did not exhaust her administrative remedies with the VA before filing this lawsuit. (Doc. No. 87). Hall-Easley and Ahava filed separate responses in opposition. (Doc. Nos. 92, 93). Tennova also moved to dismiss the Complaint for lack of subject matter jurisdiction "because there is not complete diversity between Defendant[s] and Plaintiff." (Doc. No. 79).

## II.    LEGAL STANDARD

A defendant may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss a case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). To survive a Rule 12(b)(1) motion, "the *plaintiff* has the burden of proving jurisdiction[.]" Wayside Church v. Van Buren Cnty., 847 F.3d 812, 817 (6th Cir. 2017) (quoting Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986)). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994)). In considering a facial attack, the Court must take all the allegations in the Complaint as true and determine "whether the plaintiff has *alleged* a basis for subject matter jurisdiction." Id. (emphasis added). But when the defendant makes a factual attack, the Court may consider and weigh evidence, including evidence outside of the pleadings, to determine whether the plaintiff has "carrie[d] the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Ready for the World Inc. v. Riley, No. 19-10062, 2019 WL 4261137, at *2 (E.D. Mich. Sept. 9, 2019) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)).

3

Although the United States did not explicitly move to dismiss under Rule 12(b)(6), the Sixth Circuit has held that the "FTCA's exhaustion requirement isn't jurisdictional." Kellom v. Quinn, 86 F.4th 288, 293 (6th Cir. 2023); see also Hawver v. United States, 808 F.3d 693 (6th Cir. 2015). This means the Court considers the United States' administrative exhaustion argument under Rule 12(b)(6) rather than Rule 12(b)(1). See Powers v. United States, 2018 WL 8345149, at *11 (E.D. Mich. Sept. 10, 2018).

To survive a Rule 12(b)(6) motion for failure to state a claim, the Complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the Complaint meets this standard, the Court must accept the Complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether she can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). "While the complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" Blackwell, 979 F.3d at 524 (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III.  ANALYSIS

A.  United States' Motion to Dismiss

As the Court noted above, the United States moves to dismiss the Complaint because: (i) it "cannot be held liable for an independent contractor's actions or omissions," and (ii) Hall-Easley

"failed to timely file her administrative tort claim." (Doc. No. 87 at 2). The Court will address these arguments in order below.

           1.        Sovereign Immunity and the FTCA's Independent Contractor Exception

The United States' first argument implicates the doctrine of sovereign immunity, which provides that the United States cannot be sued without its consent.[3]     Jackson v. United States, 751 F.3d 712, 716 (6th Cir. 2014) (citing Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999)); Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 820 (6th Cir. 2007). "Suits brought against the United States are therefore dismissed unless a claimant can point to an express waiver of sovereign immunity." Jackson, 751 F.3d at 716 (citation omitted). The FTCA serves as a limited waiver of sovereign immunity that allows a plaintiff to sue the United States in federal court "for injuries caused by negligent or wrongful acts or omissions of any employee of the United States Government acting within the scope of his or her employment." Strickland v. Internal Revenue Serv., 2016 WL 2348991, at *2 (N.D. Ohio May 4, 2016) (citing United States v. Orleans, 425 U.S. 807, 813 (1976)) (emphasis added); 28 U.S.C. § 1346(b)(1). The purpose of this statute is to make the "United States substantively liable to the same extent as a private individual under the law of the state where the tort occurred." Prince v. Nat'l Labor Relations Bd., 2017 WL 1424983, at *4 (S.D. Ohio Apr. 20, 2017) (citations and internal quotation marks omitted). "[T]he only proper defendant in an FTCA claim is the United States," not any of its agencies like the VA. See Jude v. Comm'r of Soc. Sec., 908 F.3d 152, 157 n.4 (6th Cir. 2018) (citations omitted); Chomic v. United States, 377 F.3d 607, 608 (6th Cir. 2004).

---

[3] The Sixth Circuit instructs district courts to address sovereign immunity issues first if the United States raises immunity as a threshold jurisdictional defense. See Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015).

As relevant here, the FTCA's limited waiver of sovereign immunity applies only when a plaintiff alleges that a United States "employee" caused her injuries. The FTCA's definition of "employee" specifically excludes "any contractor with the United States." See 28 U.S.C. § 2671. Courts refer to this definitional exclusion as the "independent contractor exception," which simply means "that the FTCA's limited waiver of sovereign immunity does not apply to claims arising from the negligent or wrongful conduct of *independent contractors*." Hodge v. United States, 443 F. Supp. 2d 795, 798 (E.D. Va. 2006) (citing Logue v. United States, 412 U.S. 521, 526–32 (1973)) (emphases added); see also Malier v. United States, 2011 WL 5117730, at *6 (M.D. Tenn. Oct. 24, 2011). A person or entity qualifies as an "independent contractor," rather than a government "employee," if the federal agency lacks power "to control the detailed physical performance of the contract" at issue. Malier, 2011 WL 5117730, at *6 (quoting Logue, 412 U.S. at 528).

Here, the Complaint "alleges that the Veteran's Health Administration, the [VA], and Alvin C. York VAMC deviated from the recognized standard of professional practice by contracting to provide transportation for Mr. Easley's dialysis appointments at FMC Dialysis Clinic in Nashville, failing to pick him up for dialysis on Saturday, October 16, 2021, and failing to pick him up for dialysis on Monday, October 18, 2021." (Doc. No. 59 ¶ 5). The United States argues that this allegation establishes a "simple contractual relationship between the VA and AMR," in which the VA hired AMR to provide a routine medical service (*i.e.* transportation) for one of its veterans. (See Doc. No. 88 at 7–10). According to the United States, these allegations are insufficient because they do not plausibly demonstrate "that the VA controlled the detailed physical performance of the AMR contract or supervised the day-to-day operations at AMR," such that the Court could infer that AMR was anything more than an independent contractor. (Id. at 9). Thus, the independent contractor exception applies here—and the United States did not waive its

sovereign immunity—because the Complaint does not allege that any United States *employee* caused Mr. Easley's injuries. (Id. at 7–10).

The United States' argument would be more persuasive if its proposed reading of the Complaint were the only plausible reading. It is not. As Ahava argues in its response brief, the Complaint does not allege "any relationship between the VA and [AMR]," and instead alleges that "the Veteran's Health Administration, the [VA], and Alvin C. York VAMC" themselves are negligent for "failing to pick [Mr. Easley] up for dialysis" on two occasions. (See Doc. Nos. 92 at 5; 59 ¶ 5). The Court could reasonably infer from these allegations that the VA *itself* had a duty to transport Mr. Easley to his appointments. If the Court made that inference, the independent contractor exception would be irrelevant because the VA or its employees would be alleged tortfeasors in this case.

Fortunately, the Court need not decide at this stage whether Ahava or the United States has the more reasonable interpretation of the Complaint. That is because the United States raises the independent contractor exception as part of a *facial* attack on the Court's subject matter jurisdiction. (Id. at 8; Doc. No. 96 at 2 ("Under rule 12(b)(1), the USA asserts a *facial* attack on ¶ 5 of the Third Amended Complaint.")). In considering a facial attack, the Court must accept all the allegations in the Complaint as true and determine "whether the plaintiff has *alleged* a basis for subject matter jurisdiction." Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (emphasis added). The Court recognizes that the Complaint is not a model of clarity because it does not provide any additional context or explanation about who the VA was "contracting" with. (See Doc. No. 59 ¶ 5). However, what matters for present purposes is that the Complaint alleges sufficient facts to support a plausible inference that the VA itself was negligent for failing to pick

up Mr. Easley for his dialysis appointments. That is enough to survive the United States' facial attack on the Court's jurisdiction.

To be sure, the United States could ultimately prevail on this jurisdictional issue on summary judgment or at trial (where it would have the benefit of discovery and could rely on a more substantial factual record) by showing that AMR was the entity responsible for transporting Mr. Easley, and that AMR was merely an independent contractor of the VA. But taking the allegations on the face of the Complaint as true and drawing all reasonable inferences in Hall-Easley's favor, the Court cannot conclude that the independent contractor exception completely bars Hall-Easley's claims against the United States at this time. Accordingly, the Court will deny this portion of the United States' motion because Hall-Easley has plausibly alleged an exception to the United States' sovereign immunity.

### 2. The FTCA's Administrative Exhaustion Requirement

The United States next argues that even if the independent contractor exception does not apply here, the Court should still dismiss it from this case because Hall-Easley did not satisfy the FTCA's administrative exhaustion requirement. (Doc. No. 88 at 10–13). It is true that a plaintiff must first exhaust her administrative remedies with the appropriate federal agency before she may sue the United States under the FTCA. Caballero v. Mukasey, 2008 WL 11322124, at *2 (W.D. Tenn. June 16, 2008) (citing 28 U.S.C. § 2675(a)). The first step of this two-part exhaustion process requires the plaintiff to present her claim to the agency by filing a "standard Form 95 claim with the agency within two years after the claim accrued." Hernandez v. United States, 2010 WL 5317165, at *2 (N.D. Ohio Dec. 20, 2010) (citing 28 U.S.C. § 2675(a)); see also 28 U.S.C. § 2401(b). The second step is for the agency to "finally" deny the claim. 28 U.S.C. § 2675(a). An agency is deemed to have "finally denied" a claim if the agency either: (i) denies the claim "in writing and . . . by certified or registered mail," or (ii) fails "to make final disposition of a claim

8

within six months after it is filed." Id. These requirements are mandatory, and "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months" of the agency's denial of the claim. 28 U.S.C. § 2401(b); see also Jackson v. United States, 751 F.3d 712, 716–17 (6th Cir. 2014).

"A failure to exhaust administrative remedies *before* filing a claim under the FTCA renders the claim subject to dismissal without prejudice under Rule 12(b)(6)." Johnson v. United States, 2025 WL 92993, at *1 (W.D. Tenn. Jan. 14, 2012); see also Prince, 2017 WL 1424983, at *4. To survive dismissal, the Complaint must plausibly allege that Hall-Easley satisfied the FTCA's exhaustion requirement. The Third Amended Complaint alleges as follows:

> Plaintiff timely filed an Administrative Claim with the Department of Veterans Affairs for One Million Dollars. Plaintiff timely filed a Standard Form 95 and supporting medical records, affidavits, and exhibits. Said claim has been pending over six months and has not been administratively resolved or settled. Therefore, Plaintiff has authority to proceed with this cause of action pursuant to 28 U.S.C. § 2675(a). Six months has expired without a final disposition of this claim and Plaintiff exercises the option to consider the claim as denied and institute this action.

(Doc. No. 59 ¶ 9).

Normally, this allegation would be sufficient to survive dismissal because, on its face, it plausibly demonstrates that Hall-Easley "timely" exhausted her administrative remedies. The problem is that the United States filed her "Standard Form 95" as an exhibit to its motion (Doc. No. 88-1), and the Court may now consider that document in ruling on the United States' motion. See, e.g., Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted) (holding that the "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"). The injury in this

9

case arose when Mr. Easley passed away in late October 2021, not, as Hall-Easley argues, when she learned that the VA could be a potential tortfeasor.  See Morales-Melecio v. United States, 190 F. Supp. 3d 249, 253–58 (D.P.R. 2016) (summarizing the FTCA's "time-of-injury rule" and holding that a medical malpractice or wrongful-death action accrues on the date of death); see also United States v. Kubrick, 444 U.S. 111 (1979) ("We thus cannot hold that Congress intended that 'accrual' of a claim [under the FTCA] must await awareness by the plaintiff that his injury was negligently inflicted.").  But despite the injury arising in October 2021, the Standard Form 95 reflects that Hall-Easley did not submit her claim to the VA until April 2024.  (Doc. No. 88-1).  That means the two-year limitations had already expired by five or six months when Hall-Easley first presented her claim to the VA.  The Court therefore finds that the Standard Form 95 contradicts the Complaint and makes clear that Hall-Easley did *not* exhaust her administrative remedies before filing her FTCA claim.

Recognizing that her administrative claim may be untimely, Hall-Easley argues in her opposition brief that "equitable tolling is appropriate" under the circumstances of this case.  (Doc. No. 93 at 7).  Equitable tolling is a doctrine that extends a limitations period "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Jackson, 751 F.3d at 718 (citation omitted).  The Sixth Circuit has held that equitable tolling may apply to the FTCA's two-year limitations period.  Wershe v. City of Detroit, 112 F.4th 357, 366 (6th Cir. 2024) (citing United States v. Wong, 575 U.S. 402, 420 (2015)).  But "[w]hile equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect."  Jackson, 751 F.3d at 718 (citation and internal quotation marks omitted).  Hall-Easley, as the party who

missed the filing deadline, "carries the burden of establishing her entitlement to equitable tolling." Id. at 718–19 (citation omitted).

The Court finds that the Complaint fails to allege sufficient facts to warrant equitable tolling. Indeed, the Complaint says *nothing* about equitable tolling, and it does not provide *any* allegations to support a plausible inference that equitable tolling is appropriate here. To the contrary, the Complaint alleges that Hall-Easley "timely filed" her claim without any need for an extension or pause of the limitations period. (Doc. No. 59 ¶ 9). Nor is it enough for Hall-Easley to raise equitable tolling in her opposition brief, because "equitable tolling allegations [that] appear only in [a] brief in opposition to the motion to dismiss . . . are not properly before the court on" a "12(b)(6) motion." Lambert v. Perry, 2017 WL 4295232, at *2 (W.D. Tenn. Sept. 27, 2017) (internal quotation marks omitted) (collecting cases). Last, even if the Court accepted as true that Hall-Easley did not know about the filing requirement or "had no reason to believe that the VA was involved" in this case, that still would not entitle her to equitable tolling. (See Doc. No. 93 at 7–11). "[F]or purposes of 28 U.S.C. § 2401(b), the two-year limitation period begins to run and 'a claim accrues when a plaintiff possesses enough information with respect to her injury that, had she sought out independent legal and expert advice at that point, she should have been able to determine in the two-year period whether to file an administrative claim.'" Gibbs v. Philadelphia Police Dept., 2012 WL 6042841, at *4 (S.D. Ohio Dec. 4, 2012) (quoting Hertz v. United States, 560 F.3d 616, 618 (6th Cir. 2009)). Neither the Complaint nor Hall-Easley's response brief explains why she lacked this information on the date of Mr. Easley's death.

The Court acknowledges that equitable tolling normally is not an issue amenable to decision on a motion to dismiss because it tends to involve factual matters extrinsic to the Complaint. But where, as here, the Complaint does not allege even a potential basis for equitable

tolling, the Court can and should dismiss a plaintiff's untimely claims under Rule 12(b)(6). See Valliere v. Berryhill, 2017 WL 4891519, at *4 (D. Maine Oct. 29, 2017) (granting Rule 12(b)(6) motion "[b]ecause nothing in the plaintiff's complaint addresses the untimeliness of its filing, and she does not otherwise make a sufficient showing of entitlement to equitable tolling of the missed deadline"). Accordingly, the Court will dismiss Hall-Easley's FTCA claim without prejudice under 12(b)(6) because she failed to exhaust her administrative remedies or plausibly allege a claim for equitable tolling.

B.      Tennova's Motion to Dismiss

Tennova separately moves to dismiss the Complaint for lack of subject matter jurisdiction. (Doc. No. 79). "A district court has subject-matter jurisdiction where the complaint (1) raises a federal question, or (2) where the parties have diversity of citizenship and the amount in controversy exceeds $75,000." Wilson v. Allstate Ins. Co., No. 17-4248, 2018 WL 6422853, at *1 (6th Cir. June 25, 2018) (citing 28 U.S.C. §§ 1331, 1332). Here, the Complaint alleges that the Court has diversity jurisdiction over Tennova, Ahava, and AMR because Hall-Easley "is a citizen of Tennessee," and the defendants "are citizens of different States." (Doc. No. 59 ¶ 4). Tennova submitted an affidavit disputing this allegation and proving that it too is a citizen of Tennessee. (See Doc. No. 79-1 ¶¶ 5–7). Hall-Easley does not contest the affidavit, (see Doc. No. 83), and therefore the Court finds it does not have diversity jurisdiction over the remaining defendants in this case.

Given the Court's rulings above, the Court no longer has federal question jurisdiction or diversity jurisdiction over this case. The only other way the Court could exercise subject matter jurisdiction over Hall-Easley's remaining negligence claims is through supplemental jurisdiction under 28 U.S.C. § 1367(c). "[S]upplemental jurisdiction is discretionary, not mandatory." Charvat v. NMP, LLC, 656 F.3d 440, 446 (6th Cir. 2011). However, "[a]fter a 12(b)(6) dismissal, there is

a strong presumption in favor of dismissing supplemental claims." Musson Theatrical, Inc. v. Fed.

Exp. Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Martinez v. City of Cleveland, 700 F. App'x 521,

523 (6th Cir. 2017); Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992).

"This presumption follows from the common-sense recognition that our state-court brethren are

better equipped to address issues of state law." Martinez, 700 F. App'x at 523. Based on this

presumption, the Court declines to exercise supplemental jurisdiction over Hall-Easley's

remaining state-law claims in this case. Comity and fairness dictate that a Tennessee court should

decide these Tennessee tort claims on the merits.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant in part both motions to dismiss (Doc. Nos.

79, 87) because Hall-Easley's alleged tort claims, while tragic, do not belong in federal court. The

Court will dismiss the United States as a defendant because Hall-Easley has not satisfied the

FTCA's administrative exhaustion requirement. The Court will also dismiss Ahava, Tennova, and

AMR because without a remaining federal question or complete diversity, the Court sees no reason

to exercise supplemental jurisdiction over the remaining state claims. The net effect of these

rulings is dismissal without prejudice.

An appropriate Order will enter.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[4] As this Court previously held, "§ 1367(d)'s tolling provision pauses the clock on a state statute
of limitations in federal court until at least 30 days after the state claim is dismissed." Cornelius
v. Winningham, 748 F. Supp. 3d 567, 574 n.5 (M.D. Tenn. 2024); see also Artis v. District of
Columbia, 583 U.S. 71,91–92 (2018); In re Vertrue Inc. Marketing & Sales Practices Litig., 719
F.3d 474, 481 (6th Cir. 2013).