# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA HALL-EASLEY, individually as surviving spouse and on behalf of the wrongful death beneficiaries of Paul J. Easley, Sr., deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 3:23-cv-00107 |
| v. | ) ) | |
| CLARKSVILLE OPERATING GROUP LLC d/b/a AHAVA HEALTHCARE OF CLARKSVILLE, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This Court entered a Memorandum Opinion (Doc. No. 106) and Order (Doc. No. 107) granting motions to dismiss filed by the United States of America (Doc. No. 87) and Clarksville Health System, G.P. d/b/a Tennova Healthcare-Clarksville ("Tennova") (Doc. No. 79). Patricia Hall-Easley has filed a motion to alter or amend judgment "to prevent manifest injustice and correct a clear error of law." (Doc. No. 109 at 1).

Rule 59(e) of the Federal Rules of Civil Procedure provides that the court may grant a motion to alter or amend a judgment if there is " '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; (4) or to prevent manifest injustice.' " Fed. R. Civ. P. 59(e); see Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." Exec. Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co., 492 F. Supp. 3d 728, 731 (E.D. Mich. 2020), aff'd sub nom.

1

Massengale v. State Farm Mut. Auto. Ins. Co., No. 21-1430, 2022 WL 3585640 (6th Cir. Aug. 22, 2022); see also Am. Marietta Corp. v. Essroc Cement Corp., 59 F. App'x 668, 672 (6th Cir. 2003) ("[A] motion to reconsider should not be used to re-litigate issues previously considered"); Pitt Excavating v. Pitt, 3:13–cv–00909, 2014 WL 1715442, at *3 (M.D. Tenn. Apr. 30, 2014) (Rule 59(e) motions "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."). Motions for reconsideration do not permit "the losing party to attempt to supplement the record with previously available evidence" or "raise new legal theories that should have been raised earlier." Allen v. Henry Ford Health Sys., No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (punctuation modified).

Ms. Hall-Easley seeks relief principally under the "clear-error" prong. She argues that the Court clearly erred by failing to accept the factual allegations in the Third Amended Complaint as true and failing to draw all reasonable inferences in her favor. (Doc. No. 109 at 4). "Although the Sixth Circuit has not precisely defined 'clear error' in the context of the Rule 59(e) analysis," district courts in this circuit agree "that a high standard applies." Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (citation omitted). A party moving to alter or amend a judgment based on a clear error of law must show that the Court wholesale disregarded, misapplied, or failed to recognize controlling precedent. Id. (citing Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)).

The Court rejects Plaintiff's clear error argument. In the Memorandum Opinion, the Court found that, as a matter of law, the injury in this case accrued when the decedent passed away in October 2021, and not when Plaintiff later learned that the VA could be liable. (Doc. No. 106 at 9–10). The Court further found that the Standard Form 95 was filed in April 2024, six months after the expiration of a two-year period following the decedent's death. As a result, the Court

concluded that Plaintiff had not complied with the first step required to exhaust administrative remedies. (Id. at 10). The Court also found that the Third Amended Complaint did not explain why Plaintiff lacked information as to VA involvement on the date of the decedent's death. (Id. at 11).

Plaintiff argues that she timely filed an Administrative Claim based upon the timing of the Standard Form 95 because "the accrual date of the claim was much later than the injury date." (Doc. No. 109 at 5). She asserts that she was unaware that the VA was involved in any aspect of the decedent's transportation or medical care until Defendants raised that allegation in October 2023. (Id. at 5–6). She further argues that the Court "shifted the burden under 12(b)(6)" by requiring her to explain why she lacked that information, and that it would be reasonable for the Court to infer that her claim did not accrue on the date of the decedent's death. (Id. at 6). Those arguments are unpersuasive.

The Memorandum Opinion applied existing case law and determined that the time-of-injury rule applied. (Doc. No. 106 at 10–11). The Court explained that the case arose when Mr. Easley passed away in late October 2021, not when Hall-Easley learned that the VA could be a potential tortfeasor. (Id. at 10). It further explained that "for the purposes of 28 U.S.C. § 2401(b), the two-year limitation period begins to run and 'a claim accrues when a plaintiff possesses enough information with respect to her injury that, had she sought out independent legal and expert advice at that point, she should have been able to determine in the two-year period whether to file an administrative claim.' " Gibbs v. Philadelphia Police Dep't, No. 2:12-CV-00017, 2012 WL 6042841, at *4 (S.D. Ohio Dec. 4, 2012) (quoting Hertz v. United States, 560 F.3d 616, 618 (6th Cir.2009)). (Id. at 11). It concluded, "[n]either the Complaint nor Hall-Easley's response brief explains why she lacked this information on the date of Mr. Easley's death." (Id.)

3

Plaintiff's arguments do not demonstrate clear error. Plaintiff first contends that her claim accrued at a later date because she did not learn of the VA's involvement until October 2023. But this merely re-litigates the previously considered issue of accrual, addressed in Plaintiff's brief (Doc. No. 93 at 6–7) and the Memorandum Opinion (Doc. No. 101 at 10–11). Am. Marietta Corp., 59 F. App'x at 672 (6th Cir. 2003). Here, Plaintiff attempts to "obtain a reversal of a judgment by offering the same arguments previously presented." Pitt Excavating, 2014 WL 1715442, at *3. Even by the standards of clear error, Plaintiff has shown nothing to warrant displacement of "the 'general rule' . . . that 'a tort claim accrues at the time of the plaintiff's injury[.]' " Hertz, 560 F.3d at 618 (quoting United States v. Kubrick, 444 U.S. 111, 120 (1979)). Here, Plaintiff had enough information at the time of her husband's death that, '[h]ad [she] sought out independent legal and [expert] advice at that point, [she] should have been able to determine in the two-year period whether to file an administrative claim.' " Hertz, 560 F.3d at 618.

Plaintiff's remaining arguments likewise fail to demonstrate clear error. Her contention that the Court improperly failed to draw all reasonable inferences in Plaintiff's favor reflects a misunderstanding of the Court's analysis. The Court accepted Plaintiff's allegation that she learned of the VA's involvement at a later date, but concluded that this allegation, without explanation as to why a reasonable plaintiff could not have acquired it at the time of injury, was insufficient as a matter of law to delay accrual. No rule of law requires the Court to "infer" accrual and timeliness in favor of Plaintiff. Here, accrual and timeliness are legal conclusions, not factual allegations, because the Court must decide the legal significance of two undisputed dates. See Reid v. Baker, No. 10–2413–STA, 2011 WL 976547, at *8 (W.D. Tenn. Mar. 16, 2011), aff'd, 499 F. App'x 520 (6th Cir. 2012) ("Generally, the time at which a claim accrues is a question of fact; however, if the evidence is undisputed and can lead to only one conclusion, accrual is a

question of law for the Court to determine."). There simply are no factual inferences to be drawn in Plaintiff's favor.

Nor was the Court required to search the record for facts not pleaded or arguments not made. As the Sixth Circuit has long held, "[a] district court is not required to speculate on which portion of the record the nonmoving party [here, Plaintiff, the non-moving party to the Government's Motion to Dismiss] relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989); Adam v. Nakhle, No. 1:22CV2183, 2023 WL 8004712, at *26 (N.D. Ohio Nov. 17, 2023) (applying this principle in the Rule 12(b)(6) context). In any event, Plaintiff identifies no material in the record that would alter the analysis or displace the general rule governing accrual. Plaintiff therefore does not show that the Court wholesale disregarded, misapplied, or failed to recognize controlling precedent. Lonardo, 706 F. Supp. 2d at 809.

Plaintiff also invokes the "manifest error" prong but does not develop that argument in any meaningful way. Relief on that basis requires a showing of a direct, obvious error resulting in an inequitable outcome and presents a "high hurdle." Westerfield v. United States, 366 F. App'x 614, 620 (6th Cir. 2010). Plaintiff makes no such showing here. The Court's decision rests on Plaintiff's failure to satisfy the FTCA's administrative exhaustion requirement within the applicable limitations period. Nothing in the record suggests an obvious error or an inequitable result. Plaintiff is not entitled to relief under Rule 59(e) on this ground.

Finally, although Plaintiff has brought a motion to alter or amend the Court's Order, her motion in no way addresses the portions of the Memorandum Opinion that concern Tennova's Motion to Dismiss. The holding on that motion is undisturbed.

Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE